UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　　v.<br><br>CLIFF DEREK URBAN,<br>　　　　Defendant. | )<br>)<br>)<br>)　CAUSE NO.: 2:20-CR-149-JTM-JPK<br>)<br>)<br>) |

**FINDINGS, REPORT, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Defendant Cliff Derek Urban's amended motion to dismiss [DE 125], alleging a violation of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. On April 14, 2023, District Judge James T. Moody referred this matter to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [DE 143]. Following a hearing, the Court granted Urban until April 3, 2023, to make supplemental filings, but Urban declined to do so. [*See* DE 128, 136, 138]. This Report constitutes the undersigned's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

The motion should be denied because most of the delay to which Urban objects was independently found excludable under the Speedy Trial Act, and he has not identified 70 non-excludable days, as required for a Speedy Trial violation. However, nothing in this Report and Recommendation is meant to absolve the Bureau of Prisons of its failure to consider the relatively short sentence Urban faced when scheduling his examination, its apparent disregard for Court deadlines, or lack of communication with the Court and counsel about any issues it faced in meeting deadlines. As set forth in this Court's earlier opinion and order [DE 83], the Bureau of Prisons is not entitled simply take whatever time it deems necessary to conduct competency exams, and some of the grounds upon which it often justifies such delays are problematic.

Although there have been several trial continuances in this case, Urban takes issue with two specific periods of time: the 61-day period between his initial appearance on November 6, 2020 and his first motion to continue trial on January 7, 2021, and the 43-day delay between April 28, 2022 and June 10, 2022, for travel to and from a planned competency exam. [*See* DE 125 ¶¶ 2, 3, 6, 8]. Accordingly, the Court's discussion is focused on the circumstances of those delays. Nonetheless, the Court notes that all prior continuances in this case were ordered at Urban's request. Each of Urban's motions stated that it was appropriate for the Court to find the time excludable under the Speedy Trial Act, and the Court made findings justifying those exclusions in granting Urban's motions. In the particular motion that accounted for much of the time covering the examination delays Urban now protests as non-excludable, Urban specifically said that it was "in the defendant's best interests" for the competency issue to be resolved before trial **and** that he needed more time to prepare for trial. [DE 67]. The order granting Urban's motion excluded the delay under the Speedy Trial Act on both of those grounds. [DE 68].[1]

## FACTUAL BACKGROUND

On November 6, 2020, Urban had his initial appearance following an indictment charging him with four counts of making false statements in the acquisition of a firearm, 18 U.S.C. § 922(a)(6). [DE 11]. On November 13, 2020, an arraignment and detention hearing was held. The

---

[1] Between January 8, 2021 and October 22, 2021, the trial was continued four times at Urban's request. In support of these motions, Urban consistently indicated that the parties were "in discussions in this matter," that his counsel needed more time to review discovery, and in one instance, that counsel's trial schedule made it unfeasible to prepare for trial. [*See* DE 23, 25, 30, 41]. With the agreement of all parties, the Court granted each motion and found that in each case, "the period of delay resulting from this continuance [was] to be excluded under the terms of the Speedy Trial Act and 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(i) and (iv)." [DE 24, 26, 32, 42].

Trial was continued a fifth time, *sua sponte*, on January 10, 2022, pursuant to General Order 2021-33, which addressed the procedures for criminal trials during the COVID-19 pandemic. The Court specifically found, pursuant to the General Order, that the corresponding delay was excluded under § 3161(h)(7)(A), to avoid a miscarriage of justice due to the substantial health risks created by conducting a jury trial during the pandemic. [DE 50]. On June 30, 2022, and September 29, 2022, the trial was continued two more times at Urban's request while the parties resolved the details of the competency exam, again with the agreed findings that the delay was excludable. [*See* DE 92, 101].

Court issued a scheduling order granting the parties 28 days to file pretrial motions [DE 17 at 2]. At the request of Urban's counsel, the Court found this time excludable under the Speedy Trial Act, § 3161(h)(7)(a), because Urban and his counsel would need time to review discovery before preparing pretrial motions. [*See* DE 17]. Trial was set for February 16, 2021, by separate order.

On April 4, 2022, after several continuances of trial[2], the Government filed a motion seeking an evaluation of Urban's competency pursuant to 18 U.S.C. § 4241(a), based on the observations of staff at the Hammond City Jail. [DE 64]. That motion was taken under advisement [DE 66], and on April 6, 2022, Urban moved to continue the trial. The motion stated: "The Court has under advisement a Motion by the government addressing certain issues that is in the defendant's best interests to be resolved prior to trial. In order to best resolve those issues, additional time beyond the currently scheduled trial date is required. In the interim, the defendant requires additional time to be fully prepared for trial." Urban "further agree[d] that any delay occasioned by the granting of this Motion would constitute excludable time under 18 U.S.C. § 3161(h)(7)(A)." [DE 67]. The Court again found the delay excludable under § 3161(h)(7)(A), and (h)(7)(B)(i) and (iv). [DE 68]. The trial was reset to July 18, 2022.

On April 26, 2022, the Court granted the Government's motion for a competency evaluation and ordered Urban committed to the custody of the Attorney General for examination. The Court ordered that the period of commitment should not exceed seven days for transportation to the facility, believed at that time to be the Metropolitan Correctional Center in Chicago, and allowed a further 30 days for examination. The Court found that the period to "determine the mental competency of Defendant" would be excluded pursuant to § 3161(h)(1)(A). [DE 70]. Urban left this district two days later, on April 28, 2022. [*See* DE 125 ¶ 6, DE 126 at 2].

---

[2] A superseding indictment was filed on June 17, 2021, adding four more counts under 18 U.S.C. § 922(a)(6) against Urban [*see* DE 27], but no party argues that this affects the Speedy Trial issue.

On May 3, 2022, Urban's counsel moved to reconsider the order for evaluation, based on reports that Urban had not yet been transported to the examination facility. It was determined that Urban was being held indefinitely in Oklahoma City, awaiting transportation to Colorado, beyond the time ordered by the Court and contrary to the Court's understanding that he was going to be examined in Chicago. On May 20, 2022, with Urban still being held in Oklahoma City, the Court ordered that Urban be returned and arrangements made for him to be examined within this district. [DE 83]. Urban was eventually returned to the MCC on June 10, 2022. To the extent Urban spent any time at the MCC beyond that date, Urban does not argue that this time was non-excludable under the Speedy Trial Act. [*See* DE 125 ¶¶ 6, 7].

Following his return to this district, Urban filed two more motions to continue trial, both of which were granted and the delays found excludable under the Speedy Trial Act [DE 92, 101]. On February 27, 2023, Urban was found competent to stand trial.[3] [*See* DE 128, 129].

## ANALYSIS

Under the Speedy Trial Act, a defendant's criminal trial "shall commence within seventy days . . . from the date the defendant has appeared before a judicial officer of the court in which such charge is pending." 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded in computing when the trial must begin. § 3161(h). These include continuances premised on a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" (§ 3161(h)(7)(A)), as well as "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." (§ 3161(h)(1)(A)). "Delay resulting from transportation of any defendant from another

---

[3] After Urban was returned to this district and the details for examination in this district were arranged, the Government moved for an order that Urban submit to the examination. [DE 102]. Urban did not object. Any further delay for completion of the examination, report, and hearing was found excludable under the Speedy Trial Act, without objection. [*See* DE 104, 118].

district, or to and from places of examination or hospitalization" is also excludable, except that "any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable." (§ 3161(h)(1)(F)); *see United States v. Lloyd*, 50 F.4th 648, 652 (7th Cir. 2022) ("Any days in excess of those ten days are presumptively nonexcludable and count toward the seventy-day clock.").

As noted above, Urban specifically contests two periods of time: the 61 days between November 6, 2020 and January 7, 2021, and the 43 days between April 28, 2022 and June 10, 2022. As demonstrated below, much of this time is excludable under the Speedy Trial Act.

**1. November 6, 2020 to November 13, 2020 (7 days)**

The Government concedes, and the undersigned agrees, that the seven days between Urban's November 6, 2020 initial appearance and November 13, 2020 arraignment are not excludable. [*See* DE 107 at 8].

**2. November 14, 2020 to December 11, 2020 (28 days)**

Following Urban's arraignment, the parties were granted 28 days in which to file pretrial motions – from November 14, 2020 to December 11, 2020. Those 28 days were excluded pursuant to the findings at the arraignment. [*See* DE 17]. Urban's counsel, in fact, requested this finding. In response to this request, the Court asked counsel for the Government whether any discovery tendered to the defense would require time to review, and counsel confirmed that was the case. Based on those specific representations, and the need for Urban's counsel to review discovery, discuss it with Urban, and determine whether any pretrial motions were needed, the Court found that the 28-day period to prepare pretrial motions was excludable. *See Bloate v. United States*, 559 U.S. 196, 214 (2010). Urban makes no further argument as to why this time is not excludable.

5

### 3. December 12, 2020 to January 7, 2021 (26 days)

Urban also contests the time from December 12, 2020, to January 7, 2021 (the date of Urban's first motion to continue the trial)[4], a total of 26 days. The Government argues that this time is excludable pursuant to General Order 2020-32. [*See* DE 107 at 8]. The General Order stated that all jury trials set before January 29, 2021 would be continued, unless the presiding judge determined otherwise. Further, any "delay caused by the continuances implemented by this General Order" was to be excludable. [General Order 2020-32]. This case was initially set for trial on February 16, 2021, so it is not clear that any delay was "caused by the continuances implemented" by the prior General Order. Regardless, this still would not establish a violation of the Speedy Trial Act. At most, a total of 33 non-excludable days (November 6, 2020-November 13, 2020, and December 12, 2020-January 7, 2021) would have accrued at this point.

### 4. April 28, 2022 to June 10, 2022 (Transportation time)

Urban argues that any delay beyond ten days to transport him to and from the anticipated examination was not excludable.[5] The Court's order directing transportation issued on April 28, 2022, therefore, the ten days after that – through May 8, 2022 – were excludable.[6] *See* § 3161(h)(1)(F)). Urban contests the remaining 33 days of transportation time, from May 9, 2022 through June 10, 2022.

---

[4] The motion was granted the next day, January 8, 2021, with findings excluding the time period necessary for the continuance from the Speedy Trial Act. It was the Court's order, not Urban's motion, that made the time excludable. However, Urban explicitly limits his challenge to the time that "elapsed between the [] initial appearance and the [January 7] motion to continue." [DE 125 ¶ 3]. For clarity, the Court addresses Urban's argument based on the timeline that he sets forth. The addition of one more potentially non-excludable day would not affect the outcome of the motion.

[5] An argument could be made in this case that any transport time in excess of seven days was unreasonable given the Court's previous order. [DE 70]. However, Urban does not press this argument, perhaps due to the fact that three days makes no difference to the outcome of his motion to dismiss.

[6] Weekends and holidays are included within the ten-day transportation period. *United States v. Tinklenberg*, 563 U.S. 647, 662 (2011).

It is not clear whether the Speedy Trial statute itself excludes these 33 "presumptively unreasonable" transportation days. The Government did not address the ten-day transportation rule in its response brief, arguing that *any* competency-related delay is excludable. *See* § 3161(h)(1)(A) ("delay resulting from any proceeding, including [competency] examinations" is excludable) [DE 107 at 5-6, citing *United States v. Patterson*, 872 F.3d 426, 434 (7th Cir. 2017)]; *see also, e.g., United States v. Vasquez*, 918 F.2d 329, 333 (2d Cir. 1990) ("Since the delays here complained of by [the defendant] arose from proceedings to determine his competency and were prior to the conclusion of the hearing thereon, they must be excluded from the calculation of the speedy trial clock whether or not they are reasonable."). That might contradict the Seventh Circuit's more recent references to the transportation exception in *Lloyd*, *see* 50 F.4th at 652. It makes the ten-day rule meaningless in the context of competency examinations, even though the rule explicitly applies to "transportation . . . to and from places of examination." § 3161(h)(1)(F); *see also Williams v. Taylor*, 529 U.S. 362, 364 (2000) ("[C]ourts must give effect, if possible, to every clause and word of a statute.").

However, the Court does not need to determine this issue to resolve the motion. Regardless of how the Speedy Trial statute is interpreted, the time when Urban was in transport had already been excluded by a prior continuance of trial on April 7, 2022, which Urban himself requested.[7] That order moved the trial from April 18, 2022 to July 18, 2022, and specifically found the intervening time excludable under § 3161(h)(7)(A), (h)(7)(B)(i) and (iv), based on Urban's counsel's assertion that "it was in the defendant's best interest" to resolve the competency issue before trial, *and* that counsel required additional time to prepare. The Court likewise found that

---

[7] The Court, cognizant of the need for a prompt examination, and being advised that Urban could be examined locally, had itself ordered that he be transported within seven days. The order was not followed nor was leave sought to extend that time. As explained above, these findings are not to be construed as endorsing the Bureau of Prisons.

failing to grant a continuance would "preclude counsel from adequately preparing for trial." [DE 67, 68].

By comparison, Urban's later motions to continue, and the Court's orders granting those motions, were not premised on any request for more trial preparation time. The only reason Urban gave for the later continuances was that the examination had not been completed and that counsel believed it needed to be completed before trial. *See* [DE 91, 100 (June 29, 2022 and September 28, 2022 motions to continue trial: "There is currently pending in this case a Motion for Competency Examination[8] filed by the government that has not yet been resolved. Resolution of that Motion is necessary before this case can proceed to trial.")]; [DE 92, 101 (June 30, 2022 and September 29, 2022 orders granting those motions: "Defendant requests a continuance of the trial setting because his court-ordered competency evaluation and hearing have not been completed.")].[9]

Unlike these continuances that followed the transportation issue, the April 7, 2022 continuance at issue here was not based on any timeline for Urban's examination or transportation. The April 7 continuance made the time between April 18 and July 18 excludable well before any transportation issues arose. That precludes any argument that any time between April 28 and June 10 is not excludable. *See Patterson*, 872 F.3d at 433 ("Patterson's argument . . . overlooks the fact that the period in question had already been excluded by court order."). Moreover, as discussed above, the motion and order that led to this continuance cited the need for trial preparation, an issue separate and apart from transport or the resolution of the competency issue. [DE 67, 68].

---

[8] Although these motions stated that the Government's "Motion for Competency Examination" had not been resolved, that motion had in fact been granted [*see* DE 70]. The issue was that the examination itself had not been completed.

[9] These last two continuances, and Urban's requests, were based on § 3161(h)(7). However, the representations in Urban's motions would also have made the time period subject to exclusion under § 3161(h)(1).

8

*United States v. Tinklenberg*, 563 U.S. 647 (2011), does not compel a different result. In *Tinklenburg*, the Supreme Court determined that excludable delays under § 3161(h)(1)(D), for "delay resulting from pretrial motions," applied regardless of whether those delays caused a delay in trial. *See* 563 U.S. at 652-53. The Court noted that the same logic applied to the other exceptions of § 3161(h)(1), including the ten-day transportation rule, § 3161(h)(1)(f). *Id*. at 656. *Tinklenburg* could be read to suggest that the Government cannot avoid the ten-day transportation rule merely by saying that the trial would have been delayed either way. In this case, not only would the trial have been delayed regardless, but that time was *already* excluded, which was not the case in *Tinklenburg*. *See Patterson*, 872 F.3d at 433; *Cooper v. United States*, No. 09-162-DRH, 2012 WL 996947, at *12 (S.D. Ill. Mar. 23, 2012) (no Speedy Trial violation despite delay in transportation to competency examination; "the time period . . . was already tolled" by an order continuing trial); *see also United States v. Banks*, No. 2:15-CR-168, 2019 WL 6213153, at *3-4 (W.D. Pa. Oct. 28, 2019) ("[T]he time between October 3, 2016, and December 6, 2016, is excludable regardless of any transportation delay because such time period is independently excludable."). Even granting Urban the benefit of all plausibly non-excludable time, there is no Speedy Trial violation:

| EVENT | DATES | DAYS | EXCLUDABLE? |
|---|---|---|---|
| **Initial appearance through arraignment** | **11/06/2020-11/13/2020** | 7 | **No** |
| 28 days to prepare pretrial motions | 11/14/2020-12/11/2020 | 28 | Yes [DE 17] |
| **End of pretrial motions through date of first continuance**[10] | **12/12/2020-1/8/2021** | **27** | **Potentially no [General Order 2020-32]** |
| 10 days following transportation order | 4/28/2022-5/8/2022 | 10 | Yes (§ 3161(h)(1)(F)) |

---

[10] As noted above, Urban's motion omitted a potentially non-excludable day, January 8, 2021. *See* Note 4. The Court includes that extra day to demonstrate that there is no violation of the Speedy Trial Act even after giving the benefit of all possible non-excludable time to Urban.

| Transportation time for Urban in excess of 10 days | 5/9/2022-6/10/2022 | 33 | Yes [due to need for trial preparation time and findings made at DE 68] |
|---|---|---|---|
| **TOTAL:** | | **Maximum of 34[11] non-excludable days** | |

### 5. Sixth Amendment Right to Speedy Trial

Although Urban did not raise the issue in briefing, the Court also considers whether the delays represent a violation of his right to a speedy trial under the Sixth Amendment. As a threshold inquiry, the Court considers whether the delay has been so long as to be presumptively prejudicial. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *United States v. Loera*, 565 F.3d 406, 412 (7th Cir. 2009) (the length of the delay "is a threshold requirement: without a delay that is presumptively prejudicial, we need not examine other factors."). If the delay is presumptively prejudicial, the Court considers who bears more of the blame for the delay, whether the defendant asserted his right to a speedy trial in due course, and the prejudice the defendant suffered from the delay. *Patterson*, 872 F.3d at 435 (citing *Doggett v. United States*, 505 U.S. 647, 651 (1992)).

The Seventh Circuit has said that "delays approaching one year" are presumptively prejudicial. *United States v. White*, 443 F.3d 582, 589 (7th Cir. 2006) (citing *Doggett*, 505 U.S. at 651). In this case, more than two years have passed since the original indictment on November 6, 2020. The Court infers that the delay is presumptively prejudicial, which triggers the rest of the analysis. *See also United States v. Oriedo*, 498 F.3d 593, 597 (7th Cir. 2007) ("[N]early three years passed from original indictment to trial. Therefore, full review of the [] factors is appropriate.").

The first factor, who bears blame for the delay, is less clear. Urban has requested almost every continuance in this case, explicitly arguing many times that a continuance was in his own

---

[11] Even if the Court were to accept Urban's argument regarding the 33 "presumptively unreasonable" days of transportation time, Urban would have accrued no more than 67 non-excludable days.

10

interest and was necessary for him to prepare for trial. *See United States v. Hills*, 618 F.3d 619, 630 (7th Cir. 2010) ("Because this continuance was granted to allow trial counsel more time to prepare, this delay was attributable to [the defendants] and cuts against their Sixth Amendment argument."). Although Urban raised his right to a speedy trial with this motion, which cuts in his favor, he did not do so before or during the delays he complains about, when they could have been curtailed or avoided. *White*, 443 F.3d at 591 ("Because this assertion occurred after the delay had occurred, this factor does not weigh strongly in his favor.").

Nonetheless, the extended delay for Urban's transportation was not his fault. And the subsequent delay to arrange an examination in this district – from May 26, 2022, when the Court ordered the parties to confer regarding an alternate method for examination, to January 13, 2023, when the examination was ultimately held – is at least partly attributable to the Government. "These delays, however, receive minimal weight because there is nothing to suggest that they resulted from anything more than institutional or bureaucratic negligence," rather than deliberate wrongdoing or bad faith. *Patterson*, 872 F.3d 435. The Court concludes that this factor does not weigh strongly in either party's favor.

The Court has also considered the prejudice to Urban. Prejudice "is assessed in light of the interests which the speedy trial right was designed to protect, including preventing oppressive pretrial incarceration, minimizing the anxiety and concern of the accused, and limiting the possibility that the defense will be impaired by the delay . . . Of these factors, the last is given the most weight." *Patterson*, 872 F.3d at 436 (quoting *Barker*, 407 U.S. at 532).

Urban has not given any reasons why his defense has been prejudiced by this delay, and the Court is not aware of any. That aside, the Court does not ignore the harm of long-pending criminal charges. *See Oriedo*, 498 F.3d at 600–01 (lengthy delays "may seriously interfere with

11

the defendant's liberty[] . . . may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends") (quoting *United States v. Marion*, 404 U.S. 307, 320 (1971)). However, Urban has not been in custody for most of the delay. [*See* DE 17, 96]. The prejudice described above is not the kind that typically demonstrates a Sixth Amendment violation. *See Patterson*, 872 F.3d at 436 ("Patterson [alleged] generalized anxiety and concern resulting from his lengthy pretrial incarceration and his detention outside Indiana, which separated him from his family. These concerns, although legitimate, do not tip the scale in Patterson's favor."); *Hills*, 618 F.3d at 632 ("[A]s long as the government shows reasonable diligence in prosecuting its case, a defendant who cannot demonstrate prejudice with specificity will not show a Sixth Amendment violation, no matter how long the delay."). The Court concludes that the delays in this case have not violated Urban's Sixth Amendment right to a speedy trial.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Judge Moody deny the Amended Motion to Dismiss [DE 125].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. Fed. R. Crim. P. 59(b)(2); *United States v. Hall*, 462 F.3d 684, 689 (7th Cir. 2006); *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The*

*Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

So ORDERED this 14th day of April, 2023.

s/ Joshua P. Kolar<br>
MAGISTRATE JUDGE JOSHUA P. KOLAR<br>
UNITED STATES DISTRICT COURT